IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIARCLIFF 537 LLC d/b/a THE
BROOKE,

        Plaintiff,

v.

BRENT WHITE,

        Defendant.

CIVIL ACTION NO.
1:17-CV-4111-TWT-LTW

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on pro se Defendant Brent White's ("White") request to file this civil action in forma pauperis, without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 1). The Affidavit of Poverty indicates that White is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and White's application for leave to proceed *in forma pauperis* is **GRANTED**. (Doc. 1). For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County.

## PROCEDURAL BACKGROUND FACTS

In September 2017, pursuant to Georgia law, Plaintiff Briarcliff 537 LLC d/b/a The Brooke ("Briarcliff 537") filed a dispossessory proceeding in the Magistrate Court

of DeKalb County in an attempt to evict White from his residence for failure to pay rent. (See Doc. 1-1, at 6). White removed the matter to this Court on October 17, 2017, and argued that the matter was removable because the dispossessory action violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the Fair Debt Collection Practices Act, and Rule 60 of the Federal Rules of Civil Procedure. (Doc. 1-1, at 2).

## LEGAL ANALYSIS

Based on this Court's review of the pleadings, it is clear that removal was improper because the Court lacks subject matter jurisdiction over the instant lawsuit. It is the Court's duty to inquire into its subject matter jurisdiction sua sponte whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). The general removal statute, 28 U.S.C. § 1441, does not provide a basis for removal in this case. Title twenty-eight, Section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states). However, "[i]f at any time before final judgment it appears that the

district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

It is readily apparent to this Court that federal question jurisdiction is not present. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In this case, Briarcliff 537 relied exclusively on state law when it initiated a dispossessory proceeding in the Magistrate Court of DeKalb County to seek possession of White's residence for failure to pay rent. (Doc. 1-1, at 6). No federal question is presented on the face of Briarcliff 537's Complaint. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. § 44-7-49, et seq. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete

3

preemption. Caterpillar, 482 U.S. at 393. Additionally, although White argues the matter is removable on the grounds that the dispossessory action violated the Due Process Clause of the Fourteenth Amendment and the Fair Debt Collection Practices Act, a federal question present in a counterclaim or a defense is not a proper basis for removal of a complaint. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 n.20 (11th Cir. 2010).

Moreover, White's Notice of Removal does not support the existence of diversity jurisdiction. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the citizenship of the parties is diverse and that the $75,000 amount in controversy jurisdictional threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). Neither White's Petition for Removal nor Briarcliff 537's Complaint includes any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met. Briarcliff 537 simply seeks possession of the rental premises and past due rent in an amount that falls well below the jurisdictional threshold. (Doc. 1-1, at 6). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858

AO 72A
(Rev.8/82)

(11th Cir. 2002). Because White has not established a basis for removal jurisdiction, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County.

## CONCLUSION

Based on the foregoing reasons, Defendant White's motion to proceed *in forma pauperis* is **GRANTED**. (Doc. 1). Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this  7  day of November, 2017.

/s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)